UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CALVIN HUBER and RICHARD
ZALUCHA,

                Plaintiffs,

v.

Case Number 06-14564-BC
Honorable Thomas L. Ludington

CROP PRODUCTION SERVICES, INC.,
AGRIUM, INC., AGRIUM U.S., INC,
AGRIUM INTERNATIONAL, and LOUIS
HERMAN,

                Defendants.
_____/

## ORDER ALLOWING PLAINTIFFS TO CONDUCT DISCOVERY AND DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs Calvin Huber ("Huber") and Richard Zalucha's ("Zalucha," collectively "Plaintiffs") seek class action certification. Dkt. # 30. Plaintiffs are commercial farmers that allege that they purchased specially blended fertilizer for agricultural purposes from Defendants. Huber alleges he purchased Defendants' soil analysis services and then ordered a recommended dry fertilizer. Zalucha, on the other hand, did not purchase Defendants' soil analysis services, instead ordering a custom blended liquid fertilizer from Defendants. Plaintiffs then contend that Defendants intentionally delivered fertilizer of a lesser quality than represented by Defendants. Plaintiffs allege that Defendants undertook this fraudulent scheme to defraud numerous customers from 1999 to 2002.

Plaintiffs filed the instant action intending to represent similarly situated plaintiffs in a class action. Plaintiffs' complaint requested that the Court certify Plaintiffs' claims a single class action.

Dkt. # 18 at ¶ 6. In their reply brief for the initial motion for class certification, Plaintiffs contemplated two potential classes: (1) a class of customers that bought dry fertilizer represented by Huber and (2) a class of customers that bought liquid fertilizer represented by Zalucha. *See* Dkt. # 34. Plaintiff filed the motion for class certification on June 27, 2007. For the reasons stated below, the Court will **DENY WITHOUT PREJUDICE** Plaintiff's motion for class certification and permit Plaintiffs to conduct discovery.

Although Plaintiffs' motion for class action certification was scheduled for hearing before this Court on March 17, 2008, the Court has reviewed the parties' submissions and finds that the relevant law and facts have been set forth in the briefs. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. E.D. Mich. LR 7.1(e)(2).

I

On June 14, 2007, Defendants filed a motion to dismiss for failure to state a claim, contending that Plaintiffs' tort claims were barred by the economic loss doctrine. *See Huron Tool and Eng'g Co. v. Precision Consulting Serv., Inc.*, 532 N.W.2d 541, 543 (Mich. Ct. App. 1995). On June 27, 2007, Plaintiffs filed their motion for class action certification. The Court scheduled both motions for hearing on August 20, 2008. At that hearing, the Court only entertained argument on Defendants' motion to dismiss. Plaintiffs allege the existence of two general categories of fraudulent conduct: (1) Defendants intentionally delivered a lower quality fertilizer than ordered by customers and (2) Defendants provided soil testing analysis services, recommended a specific fertilizer, and subsequently delivered a lower quality fertilizer. Dkt. # 36 at 10-11. The Court granted Defendants' motion in part and concluded, under Michigan law, that the economic loss

doctrine barred Plaintiffs' claims predicated solely on the diminished quality of the product delivered. *Id.* The Court reasoned that customers that did not purchase soil testing analysis services solely alleged a breach of Defendants' contractual obligation when they produced fertilizer of diminished quality and character. *See Huron Tool*, 532 N.W.2d at 543. The Court denied Defendants' motion with respect to Plaintiffs' tort claims predicated on Defendants' oral misrepresentations made during the purchase of soil testing analysis services in order to solicit the purchase of fertilizer. The Court concluded that Plaintiffs that purchased soil testing analysis services relied on representations extraneous to the contract that fraudulently induced the customers to purchase the lower quality product. *See id.* at 545; *see also Public Service Enterprise Group v. Philadelphia Electric Co.*, 722 F. Supp. 184, 201 (D. N.J. 1989).

Plaintiffs' motion for class certification relied on the premise that the potential class would include customers that allegedly received diminished quality fertilizer, regardless of whether the customer had purchased the Defendants' soil analysis services. As a result, Plaintiffs' initial proposed class was necessarily affected by the Court's decision.

II

Class certification is governed by Federal Rule of Civil Procedure 23. Plaintiffs must satisfy the requirements of subsections (a) and (b) of the Rule. In order to adequately evaluate a motion for class certification, the moving party must proffer a definable class capable of evaluation under the Rule 23 requirements. Under Rule 23(a), a class representative may litigate on "behalf of all only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative parties will fairly and

adequately protect the interests of the class." FED. R. CIV. P. 23(a). Furthermore, the representative must show that the action is maintainable under one of the three categories of class actions discussed in subsection (b) of the Rule. FED. R. CIV. P. 23(b). A potential class representative must establish that separate actions would pose a risk of inconsistent adjudications or impair non-party interests, FED. R. CIV. P. 23(b)(1), or that "questions of law or fact common to the members of the class predominate" and a class action is the superior to other methods of adjudication.[1] FED. R. CIV. P. 23(b)(3).

A district court has broad discretion when determining class certification. *Orlett v. Cincinnati Microwave, Inc.,* 953 F.2d 224, 228 (6th Cir. 1990). Courts may only certify a class, however, after "a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *General Tel. Co. Of Southwest v. Falcon*, 457 U.S. 147, 161, (1982). The general rule is that the proponent of certification bears the burden of proof. *In Re American Medical Systems, Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996); *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 241 (6th Cir. 1994). Though pleadings may be sufficient to meet the burden, "sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Falcon*, 457 U.S. at 160.

A court should delay determination of a motion for class certification "pending discovery if the existing record is inadequate for resolving relevant issues." *In Re American Medical*, 75 F.3d at 1086 (citation omitted). In 2003, Rule 23 was amended to provide courts with more flexibility to make its determination "at an early practicable time," rather than "as soon as practicable after

---

[1] F.R.C.P. 23(b) also allows a party to demonstrate action is maintainable when injunctive or declaratory relief is sought. Plaintiffs do not seek such relief in the instant case.

commencement of an action." FED. R. CIV. P. 23(c)(1)(A); *See* MANAGING CLASS ACTION LITIGATION: A POCKET GUIDE FOR JUDGES 6 (Federal Judicial Center ed., 2005).

III

A review of Plaintiffs' briefs in support of class certification suggests that it is premature to take up the question of certification until further definition of Plaintiffs' proposed class is accomplished with the aid of discovery. That is true not only because of the scope of the class Plaintiffs initially proposed, but also because of the limitations affected by this Court's later order.

Defendants advance two arguments that underscore that limited discovery concerning the definition of the proposed class is warranted. First, Defendants assert, with some force, that Plaintiffs claims are not amenable to class adjudication because claims grounded in fraud are necessarily highly individualized and require separate factual scrutiny. Defendants contend that Plaintiffs and each potential class member will need to individually demonstrate that each relied on fraudulent statements, because Huber, as the class representative, is unable to demonstrate reliance by all class members simply from testimony regarding his reliance on the alleged misrepresentations. *See e.g. In Re Jackson Nat. Life Ins. Co. Premium Litig.*, 183 F.R.D. 217, 222 (W.D. Mich. 1998).

In support of that proposition, Defendants offer the affidavit of their Michigan operations manager, John Cnuddle ("Cnuddle"). Dkt 41-6. As Defendants' noted, Cnuddle indicated that:

> Roughly 60% of CPS' Linwood customers make their purchases after engaging CPS to perform soil testing and analysis services. CPS **discusses the test results** with the farmers **and assists the farmers in using the test results to choose** the specific combination of fertilizer products that will best suit the farmer's individual needs and goals.

Dkt. # 41 at 8 (emphasis added). Cnuddle's factual assertions identify a common method of doing business with respect to a single group of customers. That is, Cnuddle's affidavit demonstrates that sixty percent of its customers discussed soil test results in connection with their solicitation of the fertilizer sale. Though Defendants point out that a Court in this District noted that "[c]lass action status is usually inappropriate where oral representations are relied upon to support fraud claims, due to the highly individualized nature of the statements," that same Court recognized that "an exception exists where a standard presentation was made to all the members of the class." *Yadolsky v. Grant Thornton*, 197 F.R.D. 292, 299 (E.D. Mich. 2000) (citation omitted). Thus, if Plaintiffs demonstrate that Defendants knew at the time they solicited the sale of the fertilizer that it would not be delivered as represented, they may have good grounds to proceed.

Second, Defendants chastise Plaintiffs for being unable to establish numerosity of the proposed class. *See* Dkt. # 41 at 17. Without an opportunity to discover information, however, Plaintiffs are unable to demonstrate that adequate common proofs exist to establish a cohesive class, let alone the number of people in the class. Thus, the Court will deny the motion for class certification without prejudice and permit Plaintiffs an opportunity to conduct discovery.

IV

Accordingly, it is **ORDERED** that Plaintiffs' motion for class action certification [Dkt. # 30] is **DENIED WITHOUT PREJUDICE**. Plaintiffs may conduct discovery relevant to defining a potential class and meeting the requirements of Federal Rule of Civil Procedure 23. Plaintiff shall conclude discovery **on or before June 17, 2008**.

It is further **ORDERED** that Plaintiffs may renew their motion for class action certification, if they so choose, **on or before July 22, 2008**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: March 21, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 21, 2008.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---