UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CALVIN HUBER and RICHARD
ZALUCHA,

                Plaintiffs,

v.

                Case Number 06-14564-BC
                Honorable Thomas L. Ludington

CROP PRODUCTION SERVICES, INC.,
AGRIUM, INC., AGRIUM U.S., INC,
AGRIUM INTERNATIONAL, and LOUIS
HERMAN,

                Defendants.
_____/

## **ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Plaintiffs Calvin Huber ("Huber") and Richard Zalucha ("Zalucha," collectively "Plaintiffs") seek class certification. Dkt. # 46. On March 21, 2007, the Court concluded that Plaintiffs had not satisfied the criteria of Federal Rule of Civil Procedure 23. The Court did acknowledge, however, that Plaintiffs' allegations potentially demonstrate that a cohesive class exists. Accordingly, the Court denied the motion without prejudice and permitted Plaintiffs to conduct discovery relevant to class certification. On July 22, 2008, Plaintiffs renewed their motion for class certification. For the reasons stated below, the Court will **DENY** the motion for class certification.

While Plaintiffs' motion for class action certification was scheduled for hearing before this Court on November 14, 2008, the Court has reviewed the parties' submissions and finds that the relevant law and facts have been set forth in the briefs. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided

on the papers submitted. E.D. Mich. LR 7.1(e)(2).

I

Plaintiffs are commercial farmers that allege they purchased specially blended fertilizer for agricultural purposes from Defendant Crop Production Services ("Defendants").[1] Huber alleges he purchased Defendants' soil analysis services and then ordered a recommended dry fertilizer. Zalucha, on the other hand, did not purchase Defendants' soil analysis services, instead ordering a custom blended liquid fertilizer from Defendants. Plaintiffs then contend that Defendants intentionally delivered fertilizer of a lesser quality than represented. Plaintiffs allege that Defendants undertook this fraudulent scheme to defraud numerous customers from 1999 to 2002.

On June 14, 2007, Defendants filed a motion to dismiss for failure to state a claim, contending that Plaintiffs' tort claims[2] were barred by the economic loss doctrine. *See Huron Tool and Eng'g Co. v. Precision Consulting Serv., Inc.*, 532 N.W.2d 541, 543 (Mich. Ct. App. 1995). Plaintiffs allege the existence of two general categories of fraudulent conduct: (1) Defendants intentionally delivered a lower quality fertilizer than ordered by customers and (2) Defendants provided soil testing analysis services, recommended a specific fertilizer, and subsequently delivered a lower quality fertilizer. Dkt. # 36 at 10-11. The Court granted Defendants' motion in part and concluded that , under Michigan law, the economic loss doctrine barred Plaintiffs' claims predicated solely on the diminished quality of the product delivered. *Id.* The Court reasoned that customers

---

[1] Plaintiffs also named Agrium, Inc., Agrium U.S., Inc., Agrium International, and Louis Herman as defendants. For the purposes of resolving the instant motion, Defendants advance arguments collectively.

[2] Plaintiffs' amended complaint alleges claims for fraudulent concealment, conversion, fraud, and civil conspiracy. Dkt. # 18.

-2-

that did not purchase soil testing analysis services solely alleged a breach of Defendants' contractual obligation when they produced fertilizer of diminished quality and character. *See Huron Tool*, 532 N.W.2d at 543. The Court denied Defendants' motion with respect to Plaintiffs' fraud and civil conspiracy claims, concluding the allegation that Plaintiffs relied on representations extraneous to the contract that fraudulently induced the customers to purchase the lower quality product when purchasing soil testing analysis services were not barred by the economic loss doctrine. *See id.* at 545; *see also Public Service Enterprise Group v. Philadelphia Electric Co.*, 722 F. Supp. 184, 201 (D. N.J. 1989).

Plaintiffs' first motion for class certification relied on the premise that the potential class would include customers that allegedly received diminished quality fertilizer, regardless of whether the customer had purchased Defendants' soil analysis services. As a result, Plaintiffs' initial proposed class was necessarily affected by the Court's decision. After supplemental briefing, the Court addressed Plaintiffs' first motion for class certification. As discussed, the Court denied the motion without prejudice to provide Plaintiffs an opportunity to conduct additional discovery relevant to whether Plaintiffs could demonstrate a definable class.

On July 22, 2008, Plaintiffs renewed their motion for class certification. In support, Plaintiffs offered three exhibits: (1) a list containing 114 farmers that purchased soil testing and fertilizer during the relevant period, Ex. B (dkt. # 46-4); (2) a chart summarizing mineral shortages in the fertilizer supplied to customers, Ex. C (dkt. # 46-5); and (3) the deposition testimony of Defendant's former plant manager, John Cnuddle ("Cnuddle"), Ex. A (dkt. # 46-3).

Plaintiffs contend Cnuddle's testimony indicates his personal knowledge regarding the "simple and essentially uniform" process for testing soil. Dkt. # 46 at 3. Plaintiff emphasizes that

the information collected from the testing is "placed in a file for further use when the crop consultant and grower determine the composition of fertilizer to be ordered." *Id.* at 4. Cnuddle indicated that each soil consultation differs because each farm has a different maximum yield. *Cnudde Depo.* at 23:14-15 (dkt. # 46-3 at 6). He provided the following testimony:

> The grower's maximum yield varies from grower to grower, so [the soil consultant] ask[s] him for his yield for that specific reason, is [sic] it varies from grower to grower and your yield potential is also a variance of soil type, you know, what was planted there before, has the farm been in the family for years, is it a new farm that somebody else farmed. There's various variables that would determine what a maximum yield would be, and not everyone's maximum yield is the same."

*Id.* at 23:14-23. Plaintiffs have not identified any of Cnuddle's testimony that discusses the substance of representations made to customers, the manner that representations were made to customers, or the soil consultants that made representations.

II

Class certification is governed by Federal Rule of Civil Procedure 23. Plaintiffs must satisfy the requirements of subsections (a) and (b) of the Rule. In order to adequately evaluate a motion for class certification, the moving party must proffer a definable class capable of evaluation under the Rule 23 requirements. Under Rule 23(a), a class representative may litigate on "behalf of all only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Furthermore, the representative must show that the action is maintainable under one of the three categories of class actions discussed in subsection (b) of the Rule. Fed. R. Civ. P. 23(b). A potential class representative must establish that separate actions would pose a risk of inconsistent adjudications or impair non-party interests,

Fed. R. Civ. P. 23(b)(1), or that "questions of law or fact common to the members of the class predominate" and a class action is the superior to other methods of adjudication.³ Fed. R. Civ. P. 23(b)(3).

A district court has broad discretion when determining class certification. *Orlett v. Cincinnati Microwave, Inc.,* 953 F.2d 224, 228 (6th Cir. 1990). Courts may only certify a class, however, after "a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Gen. Tel. Co. Of Southwest v. Falcon*, 457 U.S. 147, 161, (1982). The general rule is that the proponent of certification bears the burden of proof. *In Re American Medical Systems, Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996); *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 241 (6th Cir. 1994). Though pleadings may be sufficient to meet the burden, "sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Falcon*, 457 U.S. at 160.

A court should delay determination of a motion for class certification "pending discovery if the existing record is inadequate for resolving relevant issues." *In Re American Medical*, 75 F.3d at 1086 (citation omitted). In 2003, Rule 23 was amended to provide courts with more flexibility to make its determination "at an early practicable time," rather than "as soon as practicable after commencement of an action." FED. R. CIV. P. 23(c)(1)(A); *See* Managing Class Action Litigation: A Pocket Guide for Judges 6 (Federal Judicial Center ed., 2005).

III

The Court permitted further discovery to address two deficiencies in the certification of a

---

³ Fed. R. Civ. P. 23(b) also allows a party to demonstrate action is maintainable when injunctive or declaratory relief is sought. Plaintiffs do not seek such relief in the instant case.

class.  First, Plaintiffs have yet to demonstrate common facts concerning the alleged misrepresentations made to customers or reliance by each customer to support a fraud in the inducement claim.  *See Yadolsky v. Grant Thornton*, 197 F.R.D. 292, 299 (E.D. Mich. 2000) (citation omitted) ("[c]lass action status is usually inappropriate where oral representations are relied upon to support fraud claims, due to the highly individualized nature of the statements, . . . [but] an exception exists where a standard presentation was made to all the members of the class"); *see also In Re Jackson Nat. Life Ins. Co. Premium Litig.*, 183 F.R.D. 217, 222 (W.D. Mich. 1998). (class representative unable to demonstrate reliance by all class members simply from testimony regarding his reliance on alleged misrepresentations).  Second, discovery could provide Plaintiffs with an opportunity to discover information with regard the numerosity requirement.

Defendants continue to contend that Plaintiffs' claims are not amenable to class adjudication because a claim for fraud in the inducement is necessarily individualized, requiring separate factual scrutiny.  Despite Defendant's argument, it is not inconceivable that class adjudication could be an appropriate vehicle to resolve Plaintiffs' fraud in the inducement claim.  *See Yadolsky*, 197 F.R.D. at 299.  The evidence proffered by Plaintiffs, however, has not provided a basis for concluding that common facts underlie the misrepresentations or reliance on them by potential class members.

Plaintiffs primarily advance Cnuddle's testimony to demonstrate a common scheme.  Indeed, the testimony indicates that the overall course of conduct for each purchase was similar: Defendants' representative conducted soil analysis and consulted with the customer, which led to a recommendation.  Cnuddle's testimony does not indicate the substance of Defendants' representations to customers, e.g., whether Defendants utilized a uniform sales presentation. Moreover, no testimony has been offered indicating that potential class members relied on particular

representations. Plaintiff has not provided a basis for concluding that common facts exist to warrant the certification of a class.

IV

Accordingly, it is **ORDERED** that Plaintiffs' motion for class action certification [Dkt. # 46] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: November 7, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 7, 2008

s/Tracy A. Jacobs
TRACY A. JACOBS

---